UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FATE MUSIC, GONE GATOR MUSIC,
WILD GATOR MUSIC, MORGANACTIVE
SONGS, INC., EMI APRIL MUSIC INC.,
BROCKMAN MUSIC, BRENDA RICHIE
PUBLISHING AND TAFARI MUSIC, INC.,

    Plaintiffs,

v.                                          CASE NO.: 8:07-cv-520-T-23TBM

BINGHAM, INC., WOLFORD F.
BINGHAM AND SHIRLEY BINGHAM,

    Defendants.
_____/

## FINAL JUDGMENT ON CONSENT

Whereas the Complaint in the above-captioned action was filed on March 27, 2007, and the Defendants, Bingham, Inc., Wolford F. Bingham, and Shirley Bingham (collectively "Defendants"), are each subject to the jurisdiction of this court.

Now therefore, the parties having agreed that the Court may find: (1) that Plaintiffs were, on the dates alleged in Schedule A to the Complaint, the respective owners of valid copyrights in the five songs listed on Schedule A to the Complaint; (2) that Plaintiffs' songs were performed publicly at Defendants' establishment known as Dee's Den, located at 1385 South Belcher Road, in Largo, Florida, on the evening of October 7, 2006, without permission of the Plaintiffs or license from their performing rights licensing organization, the American Society of Composers, Authors and Publishers ("ASCAP"); (3) that at all relevant times, Defendants owned and operated an establishment known as Dee's Den, located in Largo, Florida; (4) that such performances of Plaintiffs' copyrighted songs were willful infringements of Plaintiffs'

1

copyrights; and (5) that there is a danger that such infringing conduct will continue thereby causing irreparable injury to Plaintiffs for which damages cannot be accurately computed, and necessitating the granting of injunctive relief against Defendants' continued infringing conduct; and the Court having hereby adopted the foregoing findings; and the parties having further agreed that the Court may enter judgment based on the foregoing findings, and that this action may be settled on the terms set forth below, it is therefore

**ORDERED, ADJUDGED, AND DECREED:**

1. Defendants are hereby jointly and severally enjoined and restrained permanently from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at Dee's Den, located in Largo, Florida, or at any other facility owned, operated, or conducted in whole or in part by Defendants, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are involved or by license from ASCAP.

2. a. Judgment is hereby entered against Defendants, jointly and severally, and in favor of Plaintiffs in the amount of $13,000.00 (the "Judgment Amount"); provided, however, that this judgment shall be satisfied upon and in the event of Defendants' payment of $8,500.00 (the "Settlement Amount"), as set forth in subparagraph 2.b. below.

b. Defendants shall pay the Settlement Amount to ASCAP, on behalf of Plaintiffs, in <u>strict</u> accordance with the following schedule:

| INSTALLMENT NO. & DUE DATE | INSTALLMENT AMOUNT |
|---|---|
| 1) Upon Execution of this Agreement | $4,250.00 |
| 2) June 1, 2007 | $710.00 |
| 3) July 1, 2007 | $708.00 |
| 4) August 1, 2007 | $708.00 |

|   |   |
|---|---|
| 5) September 1, 2007 | $708.00 |
| 6) October 1, 2007 | $708.00 |
| 7) November 1, 2007 | $708.00 |

    c.    The payments to be made by Defendants pursuant to subparagraph 2.b. above shall be delivered so that they <u>arrive</u> no later than the due dates set forth in subparagraph 2.b. The first installment shall be by <u>certified check or cashier's check</u> payable to and delivered to the undersigned counsel for Plaintiffs upon execution of this Final Judgment on Consent, and all further installments shall be by <u>certified check or cashier's check</u> payable to the order of ASCAP and delivered to:

>ASCAP
>ATTENTION: Douglas Jones
>2690 Cumberland Parkway, Suite 490
>Atlanta, Georgia 30339-3913

    3.    Contemporaneously with the execution of this Consent Judgment, ASCAP shall offer, and Defendants shall accept and execute, an ASCAP General License Agreement ("ASCAP License") for the term commencing January 1, 2007, at the annual rate of $1,065.00 and they shall comply with all the terms and conditions of the ASCAP License for as long as they own and/or operate Dee's Den in whole or in part, as said Licenses may be renewed on an annual basis, including the timely payment of any and all license fees due under the ASCAP License.

    4.    Upon timely receipt of the amounts owed pursuant to Paragraph 2 above, (a) Defendants shall be deemed to have paid to ASCAP all license fees owed for Dee's Den through December 31, 2007, and an additional sum representing damages and legal expenses incurred by ASCAP on behalf of the Plaintiffs in the prosecution of this action; provided that in no event or circumstance shall ASCAP owe any reimbursement of, or be obligated to return, any portion of the Settlement Amount, even if the operating policy of Dee's Den changes such that a lower license fee would be applicable in 2007 than the current rate, or if the establishment is sold or

closes; and (b) Plaintiffs shall thereupon cause to be filed a satisfaction of this Consent Judgment.

5. In the event that Defendants shall default in making any payments provided for in Paragraph 2 above; or in the event that any of Defendants' checks tendered in payment of the Settlement Amount is dishonored by Defendants' bank for any reason (including, but not limited to, insufficient funds); or in the event that Defendants file for bankruptcy; or in the event Defendants fail to comply with their obligations under this Final Judgment on Consent; or in the event that Defendants fail to give notice to ASCAP as required by Paragraph 6 below; then on ten (10) days notice of such default or other event, and provided such default is not cured within the ten-day period, the Judgment Amount, plus statutory interest accruing from the date of entry of this Consent Judgment, less any payments made by Defendants pursuant to Paragraph 2 above, shall become due; and Plaintiffs may pursue all remedies provided by law to collect such amount then owed. If Defendants default by nonpayment of funds necessitating Plaintiffs to send three (3) default notices under the terms of this paragraph, which are cured by Defendants, then, upon any additional default, notwithstanding anything else herein to the contrary, the Judgment Amount, plus statutory interest accruing from the date of entry of this Consent Judgment, less any payments made by Defendants pursuant to Paragraph 2 above, shall become due; and Plaintiffs may pursue all remedies provided by law to collect such amount then owed. In the event that any of the Defendants file for bankruptcy, any balance on the Judgment Amount shall be deemed a non-dischargeable debt.

6. In the event that Defendants enter into or execute a contract for the sale, transfer or assignment of Dee's Den or its liquor license during the period covered by the payment provisions of Paragraph 2 above, Defendants shall within ten (10) days of executing or entering into such a contract give notice to ASCAP of said pending contract and shall, in advance of such sale, transfer or assignment, cause arrangements to be made for the payment of any balance then owed pursuant to the terms of this Consent Judgment not later than the closing of such sale, transfer or assignment.

7. Any notices required by this Consent Judgment to be sent either to ASCAP or to Plaintiffs shall be sent by regular U.S. Mail or overnight delivery service to Plaintiffs' undersigned counsel at their offices; or to Defendants at Bingham, Inc. c/o Wolford F. Bingham, its Registered Agent, 14845 North Bayshore Drive, Madeira Beach, Florida 33708 by regular U.S. mail or overnight delivery service, with a copy to Defendants' undersigned counsel at his offices.

Dated: May __, 2007.

_____
United States District Judge

**HOLLAND & KNIGHT, LLP**

By: /s K. Jessica Miller
    Frederick D. Page
    Florida Bar No. 968587
    K. Jessica Miller
    Florida Bar No. 0019721
    50 North Laura Street, Ste.3900
    Jacksonville, Florida 32202
    Telephone: (904) 353-2000
    Facsimile: (904) 358-1872
    Email: fred.page@hklaw.com
          jessica.miller@hklaw.com

Attorneys for Plaintiffs

**LAW OFFICES OF LUKE LIROT, P.A.**

By: _[signature]_____
    Luke Lirot
    Florida Bar No. 714836
    2240 Belleair Road, Suite 190
    Clearwater, Florida 33764
    Telephone: (727) 536-2100
    Facsimile: (727) 536-2110
    Email: luke@lirotlaw.com

Attorneys for Defendants

**BINGHAM, LLC**

By: _[signature]_____
Its VICE PRESIDENT

**WOLFORD F. BINGHAM**

_[signature]_____
Wolford F. Bingham, Individually

SHIRLEY BINGHAM

_____
Shirley Bingham, Individually

#4534438_v1